412    SUPREME COURT OF GEORGIA.

The Summerville Macadamized Graded or Plank Road Company *vs.* Baker.

THE SUMMERVILLE MACADAMIZED GRADED OR PLANK ROAD COMPANY *vs.* BAKER.

1. Where a plank road company, which had the exclusive right to a strip of land over which its road ran, subsequently became a tenant in common with an individual in a lot of which the strip had formerly been a part, and, upon an agreed division of the lot held in common, a deed from the individual to the company provided for a dividing line to run from the road to another specified point, such line would begin at the edge of the road, not at its center.

(*a*.) It was immaterial whether the right of possession by the corporation was absolute and for all purposes, or for road purposes only; on the deed above stated, the maker could not eject the corporation from land never held in common.

2. It being desirable to stop further litigation, a new trial is ordered unless the plaintiff will disclaim any right to the road-bed of the company; in that case the judgment will be affirmed.

Ejectment. Title. Deeds. Charge of Court. New Trial. Easements. Tenants in Common. Before Judge SNEAD. Richmond Superior Court. October Term, 1881.

On the 28th of September, 1880, Baker sued the Plank Road Co. for a lot of land, with *mesne* profits from March, 1880, containing an acre, more or less, bounded north by the plank road, and a lot of land owned by the Augusta & Summerville Railroad Company, having a front on said road and lot of 190 feet, more or less; bounded on the east by Baker's land; south by land of Hickman, known as Perkins' lot, and running along it 100 feet more or less; and west by land of plank road, whereon a new toll-gate and house have been placed by said company, and to which Baker claimed title. The abstract of title set out a deed of partition between Baker and the Plank Road Company, dated July 18th, 1862, recorded April 2d, 1880, which conveys to plaintiff, "all that part of the said Guidron lot lying south of the Summerville plank road, and east of the basin formed at the mouth of the large gully thereon; the dividing line to be run south from

said road to the Perkins' lot, and fenced by the said Alfred Baker."

Defendant pleaded not guilty, the statute of limitations, and an equitable plea of estoppel by Baker's act in putting up a line fence in 1862, which has been so considered ever since by the Plank Road Company.

The testimony showed the following facts:

The state granted to George Walton 250 acres of land April 7th, 1783. This was laid out into the village of Summerville by Lemuel Wales shortly thereafter. Lots one and two on this plat each contained eleven acres. Number one was owned by the estate of Martin, and number two is the "Guidron" lot, which on May 12th, 1851, was conveyed to George W. Williams and Alexander Martin, jointly. April, 1852, Williams conveyed his one-half to Pemberton. The plank road was incorporated by Richmond inferior court in perpetuity, April 4th, 1853, under act of February 23d, 1850. This road was built from Augusta to the United States Arsenal in Summerville.

As the plank road ascends the Sand Hill, on which the village is situated, it crosses diagonally lots one and two. On the 19th of February, 1862, Pemberton sold his half interest to Alfred Baker. On the 16th of July, 1862, four deeds were executed, viz: From Alexander Martin, executor of Angus Martin, to the defendant for a right of way over that part of the land belonging to the estate of said deceased heretofore taken by said company, and now forming a portion of their road-bed.

A deed from Alexander Martin to the defendant in consideration of certain things done by defendant pursuant to an agreement made in 1855, conveying all his right in the Guidron lot, being an undivided moiety with Alfred Baker.

A deed recorded May 22d, 1863, from Baker to the Plank Road Company, reciting the joint ownership in the Guidron lot, and a partition of the same by agreement; conveys Baker's half interest to the defendant in that

part of the said Guidron lot which is bounded north by a lot owned by the estate of Angus Martin, deceased, south by a lot held in trust for Mrs. Jabez C. Perkins, east by a line fence to be run south from the Summerville plank road to the said Perkins lot at a point opposite the basin, formed at the mouth of the large gully thereon, and west by Telfair street.

There was conflicting evidence as to where the line ran which divided the two portions of the lot—whether along the line of an old fence or along a line marked out by a surveyor.

The jury found for the plaintiff. Defendant moved for a new trial, one ground of alleged error being as follows:

(1.) Because the court charged as follows:

"Now, gentlemen, this is a very simple question for you to determine. It is simply a question of title as to the acre of land called the Guidron lot, and I am asked to construe a part of this deed. It is in these words: (Deed from Plank Road Company to Alfred Baker, on which he relies for recovery,) 'That lot lying south of the Summerville plank road and east of the basin formed at the mouth of the large gully thereon, the dividing line to run south from said road to said Perkins' lot, and fenced by said Alfred Baker.'

"I charge you that this expression here 'to run south from said road' means that where land is bounded by a road, the title goes to the centre of the road; so where this line was to run south from the road, it was south from the centre of the road—south from the center of the road and east to the basin formed at the mouth of the large gully thereon," etc.

The motion was overruled, and defendant excepted.

FRANK H. MILLER, for plaintiff in error.

JAS. S. & E. B. HOOK; FOSTER & LAMAR, for defendant.

JACKSON, Chief Justice.

In this record one clear error of law appears. The case is an action of ejectment brought to recover a parcel of land in the possession of defendant. Plaintiff and defendant were tenants in common of the same parcel of land, and it was partitioned between them many years ago, the parties conveying to each other the several halves thereof. A short time ago the defendant entered on an unenclosed strip within the line claimed by it, but also within the line claimed by the plaintiff; so that the issue was, what is the true line agreed upon when the lot was divided? The jury found for the plaintiff, and defendant being denied a new trial excepted, and assigns error on all the grounds of the motion. One of these grounds is that the court erred in charging the jury that the plaintiff's line between the two halves of the lot began at the center of defendant's way acquired for its road-track, and not from the southern edge of that way, and that the verdict establishes the line from the center and not from the southern extremity or edge of the way of fifty feet width.

The action of ejectment is brought to recover the possession of the land. The effect of the ruling and of the verdict therefore is to put the plaintiff in possession of land, up to the center of defendant's strip of fifty feet. Defendant was in peaceable possession of this, its road-bed, many years before it became a tenant in common with plaintiff of the tract which was partitioned between them, and the dividing line of which tract was in dispute. This lot was bought by the parties, while the defendant alone owned its road-bed of fifty feet. No part of this fifty feet ever was partitioned between them, because no part of it was ever owned by them in common, so as to subject it to the remedy and writ of partition or to the agreement to partition it. But the effect of the charge and of the verdict is to throw into the part belonging to

the plaintiff some of the road-bed which never belonged to the two parties in common, and therefore never could have been divided.

Such ruling is error; and the verdict, in so far as it extends plaintiff's right in any line surveyed over the southern edge of defendant's road-bed of fifty feet, and encroaches thereon one inch, is contrary to law, and must be set aside.

It is immaterial whether the fee be in the company to this road-bed—the absolute property forever and for all purposes—or not. If it be but the right to enjoy the possession and the exclusive possession of this road-bed, no other person can dispossess the company as long as its possession continues for the use of the road-bed in accordance with its charter and title; and no action of ejectment can turn it out and put another in any part of that road-bed. The case is too plain for argument, too clear for question. It became so much so in the argument before this court that counsel for plaintiff disclaimed that such was the claim of their client or the effect of the verdict.

2. Inasmuch, however, as both parties seem agreed that further controversy would cease if the line found by the jury be established as the true dividing line as to the direction in which it ran, to divide the track but not to encroach on the road-bed, and as it is desirable in view of public policy, perhaps in saving the expense of another long trial as well as in terminating litigation as soon as possible, we forbear to go further in the case than to decide this point. We reverse the judgment on this ground, and direct that a new trial be granted, unless the plaintiff shall disclaim all right under the verdict to encroach on the road-bed of fifty feet, but agree to start the dividing line from the southern edge of the road-bed and run thence south to the other terminus at the mouth of the gully.

Judgment reversed on terms.